## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| PHILLIP WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-CV-166-TS |
| | ) | |
| JOHN VANNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Phillip White, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary hearing. In 2004, while he was housed at the Pendleton Correctional Facility's Outside Dormitory, Mr. White received a series of minor conduct reports. On December 9, 2004, a correctional officer charged Mr. White with being an habitual offender for having been found guilty of six rule violations involving four unrelated incidents within six months. Pendleton officials transferred Mr. White to the Miami  Correctional Facility where, on December 20, 2004, a disciplinary hearing board found him guilty of being an habitual conduct rule violator, sanctioned him with a loss of ninety days of earned credit time, and imposed a suspended deprivation of twenty days of earned credit time from an earlier disciplinary proceeding. Mr. White unsuccessfully appealed to the facility superintendent and the Indiana Department of Correction's final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S.

539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Mr. White asserts that some of the underlying charges were related and therefore should not have been used to support a finding that he was an habitual offender. Mr. White argued to the disciplinary hearing board that two of the conduct reports were written the same day by the same correctional officer. (Respondent's Exhibit D.) The board concluded that none of the underlying cases were related. In a prison disciplinary proceeding, a finding of guilt must be supported by at least "some evidence." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455. The fact that the conduct reports dealt with separate and distinct incidents, even though they occurred on the same day, provides sufficient evidence to support the board's finding that they were unrelated incidents.

In ground two of his petition, Mr. White states that he was improperly written up on two class C violations, and in ground four, he assets that he had been served with duplicate charges that should have been dismissed. These claims do not implicate any of the procedural protections guaranteed by *Wolff v. McDonnell*. At most, the petitioner is a asserting that prison officials violated Indiana Department of Correction rules dealing with how disciplinary actions should be processed. But claims that prison officials violated state law or departmental policy in depriving prisoners of earned credit time are not cognizable in § 2254 actions. Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions state no claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D.Ind. 1997).

In ground three of his petition, Mr. White notes that per Indiana Department of Correction policy, "no officer who has had any role in a particular conduct report may participate as a member of the D.H.B." (Pet. p. 5). Mr. White asserts that during some of the hearings on the underlying charges, the author of the conduct reports showed up and spoke to members of the hearing boards.

2

*Wolff v. McDonnell* provides that the disciplinary decision must be made by an impartial decision maker. "Adjudicators enjoy a presumption of honesty and integrity." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). If the author of a conduct report later served as a member of the disciplinary hearing board, or if a member of the board had investigated the charges giving rise to a conduct report, it might have deprived Mr. White of due process. See *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir.1983). But that board members may have spoken with the author of some of the conduct reports against Mr. White does not deny him due process or render the disciplinary proceedings invalid.

In ground five of his petition, Mr. White states that prison officials violated his due process rights by transferring him to a higher level facility before the hearing on the charge of being an habitual rule violator was conducted. He states that "M.C.F. had to hold my Class (A) #105 habitual hearing without any witness in my defense." (Pet. p. 6.) The Fourteenth Amendment does not require due process before prison officials transfer a prisoner from one facility to another, *Meachum v. Fano*, 427 U.S. 215 (1976); *Montayne v. Haymes*, 427 U.S. 236 (1976), and the Due Process Clause does not require that a disciplinary hearing be held at the same facility as the offense occurred. Because this was an habitual offender proceeding, the evidence against Mr. White consisted of documents from earlier disciplinary proceedings. Mr. White does not assert what witnesses he could have called that might have given relevant testimony on the issues before the disciplinary hearing board. Moreover, the screening report (Respondent's exhibit C) establishes that Mr. White did not request any witnesses when he was screened. Failure to request witnesses at the screening stage amounts to a waiver of the right to call witnesses at the disciplinary hearing itself. *Sweeney v. Parke*, 113 F.3d 716, 720 (7th Cir. 1997) ("It is not unreasonable to interpret *Wolff* as affording inmates the right to call witnesses when their requests to call witnesses are timely").

In ground six of his petition, Mr. White asserts that he wrote to the Superintendent of the Pendleton Correctional Facility in an attempt to resolve ongoing problems but that the counselor at

the Outside Dormitory, where Mr. White was housed, intercepted the letters to the Superintendent and told him not to write her again. It is not clear how Mr. White believes this incident at the Pendleton Correctional Facility deprived him of due process at a hearing conducted at the Miami Correctional Facility. Indeed, it does not appear that this incident bore any direct relation to the disciplinary proceedings against Mr. White.

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive remedy for prisoners challenging the fact or duration of their confinement *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Actions challenging conditions of confinement, including claims for First Amendment violations, must be brought under 42 U.S.C. § 1983.  *Preiser*, 411 U.S. at 488-490. Because this claim appears to be, at most, a conditions of confinement claim unrelated to the fact or duration of Mr. White's confinement, he may not present it to the court in this petition.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED on February 3, 2006.


   /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4